# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20639
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE COMEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-439-2

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jermaine Comeaux appeals his guilty-plea conviction for conspiracy to commit wire fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1343, 1349, 1028A.  He contends for the first time on appeal that the district court failed to admonish him regarding any mandatory minimum penalty, as required by FED. R. CRIM. P. 11(b)(1)(I), thus rendering his guilty plea unknowing and involuntary.  Because Comeaux failed to raise this Rule 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge in the district court, we apply a plain-error standard of review. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). There is no mandatory minimum penalty applicable to conspiracy to commit wire fraud, and the district court properly admonished Comeaux regarding the mandatory two-year consecutive sentence for aggravated identity theft. *See* §§ 1343, 1349, 1028A. The district court thus did not err, plainly or otherwise, in complying with the Rule 11(b)(1)(I) requirement to admonish Comeaux regarding any mandatory minimum penalty. *See Reyes*, 300 F.3d at 558.

Additionally, Comeaux asserts that the district court erred in denying his motion to withdraw his guilty plea. We accord broad discretion to the district court's decision to deny such a motion. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). "[A] defendant may withdraw a guilty plea after the court has accepted it, but prior to sentencing, only if he 'can show a fair and just reason for requesting the withdrawal.'" *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015) (quoting FED. R. CRIM. P. 11(d)(2)(B)). In deciding whether the defendant has made this showing, a court should consider whether: the original plea was knowing and voluntary; the defendant has delayed in filing his motion to withdraw and has asserted his innocence; close assistance of counsel was available to the defendant; and the withdrawal would prejudice the Government, substantially inconvenience the court, or waste judicial resources. *See Carr*, 740 F.2d at 343-44.

Although Comeaux disagrees with the district court's assessment of the *Carr* factors and points to specific facts in support of his own assessment of those factors, we find no abuse of discretion. Comeaux has not shown that the district court denied the motion based on an error of law or a clearly erroneous factual finding. *See Carr*, 740 F.2d at 344; *Harrison*, 777 F.3d at 234. The judgment of the district court is AFFIRMED.